[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 07, 2002
THOMAS K. KAHN
CLERK

No. 01-12352

D.C. Docket No. 00-14222-CV-FJL

ANNE C. LOTIERZO,
THOMAS J. EUTENEUER,

Plaintiffs-Appellants,

versus

A WOMAN'S WORLD MEDICAL CENTER, INC.,
CANDACE DYE, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(January 7, 2002)**

Before ANDERSON, Chief Judge, BLACK, Circuit Judge, and NANGLE*, District
Judge.

_____
*Honorable John F. Nangle, U.S. District Judge for the Eastern District of Missouri, sitting by
designation.

NANGLE, District Judge:

Appellants Anne C. Lotierzo and Thomas J. Euteneuer appeal from the final judgment[1] entered in the District Court for the Southern District of Florida, granting Appellees' motions to dismiss. In its order granting the motions to dismiss, the district court concluded that Appellants failed to state a claim under the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248. For the reasons stated below, we affirm in part and reverse in part.

## I. Background

Appellants volunteer at the Pregnancy Care Center of Fort Pierce ("the Pregnancy Care Center"), a reproductive health services facility, and are opponents of abortion who counsel women regarding abortion alternatives. In addition to the services they provide at the Pregnancy Care Center, Appellants offer such counseling services on the sidewalks and the access way leading up to the entrance of A Woman's World Medical Center. Appellees are escorts, employees, and patients of A Woman's World Medical Center. Over the past several years, numerous altercations have ensued between the parties. On July 17, 2000, Appellants filed an action under the FACE Act seeking to enjoin Appellees from interfering with

---

[1] On July 23, 2001, Appellees filed a Motion to Dismiss the Appeal asserting that Appellants failed to file a timely Notice of Appeal. We find that this position is without merit. Appellants filed a Notice of Appeal within thirty days after the District Court's Order dismissing Appellants' Complaint became final. Appellees' Motion to Dismiss the Appeal is denied.

Appellants' counseling services. On February 26, 2001, the district court granted Appellees' motions to dismiss concluding, *inter alia*, that Appellants failed to allege that Appellees actually interfered with Appellants' ability to provide counseling services. Appellants appeal from the final judgment of the district court.

## II. Standard of Review

We review the dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure *de novo*, applying the same standard as the district court. See Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999). We must accept the allegations set forth in the complaint as true for purposes of a motion to dismiss. See United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc).

## III. Analysis

Appellants assert that their Complaint stated a claim upon which relief can be granted because the FACE Act protects them while they provide reproductive health referral services counseling outside of A Woman's World Medical Center. We have reviewed the Amended Complaint, and we agree with the district court that Appellants failed to properly allege a FACE Act violation.

The FACE Act provides criminal and civil penalties against anyone who:

> by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

18 U.S.C. § 248(a)(1). Further, the FACE Act defines "reproductive health services" as covering "reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counseling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of pregnancy." 18 U.S.C. § 248(e). To state a claim for relief under the FACE Act, a plaintiff must allege: (1) force, threat of force, or physical obstruction; (2) done with the intent to; (3) injure, intimidate, or interfere with a person or attempt to do so; (4) because that person has sought or provided, or is seeking or providing, or will seek or provide, reproductive health services. See United States v. White, 893 F. Supp 1423, 1427 (C.D. Cal. 1995) (quoting United States v. Lindgren, 883 F. Supp. 1321, 1324-25 (D.N.D. 1995)).

We conclude that appellants failed to state a FACE Act violation for two reasons. First, although Appellants' facility, the Pregnancy Care Center, is located across the street from A Woman's World Medical Center, Appellants failed to allege that Appellees' actions were taken because Appellants are or have been providing reproductive health services at the Pregnancy Care Center. The FACE Act protects

4

individuals who provide reproductive health services in a facility. With only one exception,[2] all of Appellants' allegations arose because Appellants were providing referral counseling outside of A Woman's World Medical Center. Because the Amended Complaint does not allege that Appellees targeted Appellants because of the reproductive health services counseling provided in the Pregnancy Care Center, the Complaint does not survive a motion to dismiss.

Second, Appellants failed to allege that Appellees' actions were taken in order to intimidate a person from obtaining or providing reproductive health services at the Pregnancy Care Center. Instead, Appellants merely were concerned with their ability to provide reproductive health referral counseling outside of the Pregnancy Care Center and on the sidewalks in front of A Woman's World Medical Center. Because Appellants failed to allege that Appellees' actions prevented anyone from seeking or providing reproductive health services at the Pregnancy Care Center, we affirm the district court's conclusion that Appellants' Amended Complaint failed to state a claim under the FACE Act.

Our affirmation of the district court's order granting the motion to dismiss does not apply to Appellant Euteneuer's claim against Appellee Hazel Harding which

---

[2] As we will discuss *infra*, one of Appellant Euteneuer's claim against Hazel Harding does withstand a motion to dismiss. However, the claim against Hazel Harding is the only claim remanded to the district court for further consideration.

alleged that she visited the Lifeline of Martin County facility ("the Lifeline facility") and threatened Appellant Euteneuer. In the Amended Complaint, Appellant Euteneuer alleged that he also provides reproductive health services at the Lifeline facility. Specifically, Appellants' Amended Complaint alleged that in January 1998, Appellee Harding visited the Lifeline facility, approached a volunteer, and threatened to kill Appellant Euteneuer ("the Lifeline claim"). We find that the Lifeline claim withstands a motion to dismiss because it satisfies all of the elements of a FACE Act claim.

Unlike Appellants' other claims, the Lifeline claim alleges that Ms. Harding visited the Lifeline facility to threaten Appellant Euteneuer because he provides reproductive health services and in order to intimidate him from providing such services. The Lifeline allegation is the only claim in which Appellants alleged a direct connection between the unlawful conduct and the reproductive health services offered by the person seeking protection under the FACE Act. Accordingly, we conclude that the district court erred by dismissing the Lifeline claim.

The district court also noted that the Lifeline claim would withstand a motion to dismiss, but ultimately dismissed the claim because Appellants failed to allege a precise date. We find that the district court erred by dismissing the claim against Hazel Harding for failing to plead a precise date. Under the notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, complaints should be short and

simple and should give the adversary notice of the claim. We conclude that Appellants' Amended Complaint sufficiently notified Appellee Harding of the claim against her such that she could respond accordingly; therefore, we reverse the district court's order dismissing the Lifeline claim.[3]

## IV. Conclusion

Because the district court properly concluded that Appellants' Amended Complaint failed to state a FACE Act claim, we affirm the district court's order granting appellees' motions to dismiss. However, because the district court incorrectly concluded that Appellants had to plead a precise date to sustain a FACE Act claim, we reverse the district court's dismissal of the Lifeline claim against Hazel Harding and remand the case for further proceedings consistent with this opinion. Finally, Appellees' Motion for Attorneys' Fees is denied.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

[3] Although we conclude that the Lifeline claim survives a motion to dismiss, we find that the district court correctly dismissed the other claim against Hazel Harding. The second claim against Hazel Harding arose outside of A Woman's World Medical Center and is dismissed for the reasons previously discussed by this Court.