[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2003
THOMAS  K. KAHN
CLERK

No. 03-13520
Non-Argument Calendar

D.C. Docket No. 03-00146-CV-T-23-MAP

ROBERTO VEGA, on his own
behalf and on behalf of all
others similarly situated, CECILIA
VEGA, on her own behalf and on
behalf of others similarly situated,

Plaintiffs-Appellants,

versus

SCOTT D. MCKAY,
MCKAY LAW FIRM, P.A.,

Defendants-Appellees.

Appeal from the United States District Court for the
Middle District of Florida

**(December 2, 2003)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Roberto and Cecilia Vega (hereinafter "the Vegas"), private citizens proceeding with the assistance of counsel, appeal the dismissal under Federal Rule of Civil Procedure 12(b)(6) of their civil action brought under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On appeal, the Vegas argue that the district court, in dismissing their action, erroneously found that a complaint and summons package does not constitute an "initial communication" within the meaning of the FDCPA. We agree with the ruling of the district court and affirm.

The Vegas, private citizens who lease property from Holiday Cove R. V. Resort ("the Resort"), filed this class action against Scott D. McKay and McKay Law Firm, P.A. ("McKay"), alleging violations of the FDCPA. In their complaint, the Vegas asserted that they were obligated to pay rent to the Resort for the lease of trailer space on weekends. The Vegas maintained that McKay represented the Resort in a small claims action to recover damages from the Vegas, and in that regard had sent the Vegas a package containing a civil complaint, a summons to appear for a pretrial conference, and a FDCPA notice. The Vegas argued that McKay was a "debtor collector" within the meaning of the FDCPA, that the complaint package constituted an "initial communication" within the statute as

2

well, and that the summons contained therein "overshadow[ed] and contradict[ed] the debt validation notice required by 15 U.S.C. § 1692g(a) thereby rendering this notice ineffective in violation of [the FDCPA]."

McKay moved to dismiss the Vegas' action under Rule 12(b)(6), arguing that, in light of McKnight v. Benitez, 176 F.Supp.2d 1301, 1308 (M.D. Fla. 2001), which held that the service of papers in a legal action does not constitute an "initial communication" within the meaning of the FDCPA, the complaint package that McKay had served upon the Vegas was not an "initial communication." McKay maintained that, because its complaint package did not constitute an "initial communication" necessitating a notice of debt under 15 U.S.C. § 1692g, the sufficiency of the FDCPA notice contained in the package was irrelevant.

The Vegas responded, inter alia, that McKay's reliance on McKnight was erroneous because McKnight had been overruled by In re Martinez, 311 F.3d 1272 (11th Cir. 2002), a case in which the underlying bankruptcy court had implicitly found that a state court collection suit constituted an "initial communication" within the meaning of the FDCPA. The Vegas noted that In re Martinez failed to directly address the issue of whether a state court collection suit constitutes an "initial communication." The Vegas argued, however, that this Court's summary affirmance of the lower court's decision evinced an intent to overrule McKnight.

3

The district court found that, in accordance with McKnight, McKay's complaint package did not constitute an "initial communication" within the meaning of the FDCPA. The court found that, therefore, the adequacy of the "FDCPA Notice" attached to the complaint package was irrelevant. Accordingly, the court granted McKay's motion to dismiss. In reaching its decision, the court did not address the effect of In re Martinez on McKnight.

The Vegas argue on appeal that the district court erroneously found that McKay's complaint package did not constitute an "initial communication" within the meaning of the FDCPA. The Vegas maintain that, under the plain language of § 1692a(2), written documents that are conveyed via a process server, and that compose a state court collection suit, should constitute a "communication." Additionally, the Vegas contend that the district court's reliance on McKnight was erroneous because McKnight was overruled by our decision in In re Martinez.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). Lotierzo v. A Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). The FDCPA provides that:

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [required debt verification information].

4

15 U.S.C. § 1692g(a). "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Neither this Court nor any other circuit has addressed the issue of whether a legal action constitutes an "initial communication" within the meaning of §1692g(a). Under factual circumstances similar to the instant case, the Middle District of Florida has held that "it is more consistent with the purpose and intent of Congress . . . [that] the term 'communication' as used in the Act does not include a 'legal action' or pleadings or orders connected therewith." McKnight, 176 F.Supp.2d at 1306, 1308 (noting that the purpose of the FDCPA is to "curb abusive debt collection practices, not legal actions"). Significant to the court's holding in McKnight was the fact that the Federal Trade Commission does not consider a legal action to be a "communication" in connection with the collection of a debt. See id. at 1305-06 (noting that the FTC has stated in non-binding commentary that "[a] debt collector's institution of formal legal action against a consumer . . . is not a 'communication in connection with collection of any debt,' and thus does not confer section 809 notice-and-validation rights on the consumer") (citing 53 FR 50097, 50108).

5

On the other hand, at least two courts have issued opinions, although non-binding, that contradict McKnight. The Oklahoma court of civil appeals has expressly held that a legal action does constitute an "initial communication" within the meaning of the FDCPA. Mendus v. Morgan & Associates, P.C., 994 P.2d 83, 88 (Okla.Civ.App. 1999) (citing Heintz v. Jenkins, 514 U.S. 291, 299, 115 S.Ct. 1489, 1493, 131 L.Ed.2d 395 (1995), which held that the FDCPA governs attorneys who regularly engage in debt collection activities "even when that activity consists of litigation"). While one could argue that the bankruptcy court for the Southern District of Florida may have implicitly held in In re Martinez, 266 B.R. 523, 533 (Bankr.S.D.Fla. 2001), that a legal action constitutes an "initial communication" under the FDCPA, we think not. The sole issue in In re Martinez was whether the defendant had effectively conveyed to the plaintiff notice of the right to dispute the plaintiff's debt, as required by § 1692g. See id. at 530. In explaining the circumstances under which the FDCPA notice had been conveyed to the plaintiff, the court stated that "[t]he Initial Communication in this case was a 16 page package which included a summons and complaint. The FDCPA Notice was on page eight." Id. at 533. Notably, the question of whether a legal action constitutes an "initial communication" was not before the bankruptcy court. Moreover, that issue was not raised or addressed when the case was

6

appealed to the district court or this Court.  See In re Martinez, 271 B.R. 696, 700 (S.D.Fla. 2001); In re Martinez, 311 F.3d 1272 (11th Cir. 2002).

We now conclude that the holding of McKnight, that a legal action does not constitute an "initial communication" within the meaning of the FDCPA, accurately states the law.  The Vegas' contention, that McKnight has been overruled by In re Martinez, is without merit because the question of whether a legal action constitutes an "initial communication" was never at issue in In re Martinez, and we in no way indicated our intent to overrule McKnight.

We agree with the conclusion set forth in McKnight that it seems far more consistent with the purpose of the Act that the term "communication" as used does not include a "legal action or pleading."  In making this decision we give serious consideration to the interpretation put forth by the Federal Trade Commission which is the agency changed with enforcing the provisions of the FDCPA and has developed the expertise in this area.  As we have stated, "it is enough to observe that the well-reasoned views of the agencies implementing a statute constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance."  See Bell South Telecomms., Inc. v. Town of Palm Beach, 252 F.3d 1169, 1188 n.11 (11th Cir. 2001) (quoting Olmstead v. Zirming,

527 U.S. 581, 589 (1999) (following the FCC's guideline interpretation of a particular statutory provision).

Accordingly, we conclude that the district court did not err by finding that McKay's complaint and summons package did not constitute an "initial communication" within the meaning of the FDCPA. We, therefore, affirm.

**AFFIRMED.**