[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14353
Non-Argument Calendar
_____

D. C. Docket No. 07-01644-CV-CAM-1

DARRYL PERNELL BUTLER,

Plaintiff-Appellant,

versus

PRISON HEALTH SERVICES, INC.,
CONWAY,
HOGAN,
PINKARD,
EDWARD,
JANE DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(September 22, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Darryl Butler, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the Prison Health Service, its administrator, and various staff members at the Gwinnett County Detention Center. In his complaint, Butler alleged deliberate indifference to his medical needs as the result of a delay in providing medical care for injuries sustained in Telfair State Prison on February 10, 2007, prior to his transfer to Gwinnett County Detention Center. He asserted that he repeatedly requested medical attention, but was not seen until March 6, 2007, and that this delay resulted in physical, mental, and emotional injuries, forcing him to miss out on meals and daily routines. He further alleged that the defendants failed to monitor and treat his high blood pressure.

The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A, concluding that although there was a delay in medical care, Butler had not shown how any underlying injury had been made worse by the delay or that any defendant knew that a delay would be a serious detriment to Butler. The court noted that Butler was treated numerous times to control his blood pressure, his injuries were examined, and he received medication for pain. The court also denied Butler's motion to amend his complaint, filed three months after the court dismissed the complaint. This appeal followed.[1]

---

[1] We reject Butler's argument that we do not have subject matter jurisdiction over this appeal. Because the district court ruled on all claims and pending motions, there was a final

On appeal, Butler argues that the district court erred dismissing his complaint because he sufficiently pleaded facts which established deliberate indifference to his serious medical needs. He contends that the complaint stated that he received no treatment for his medical condition until March 6, 2007, and that his high blood pressure was not properly monitored. Butler asserts that the district court erred by holding he suffered no injuries due to the delay in treatment, explaining the lack of blood pressure monitoring led to his suffering a stroke.[2]

Under 28 U.S.C. § 1915A, the district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity, in order to dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(a), (b)(1). We review the district court's sua sponte dismissal under 28 U.S.C. § 1915A for failure to state a claim de novo, taking as true the allegations in the complaint. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). We liberally construes pro se pleadings. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

---

decision, and we have jurisdiction. 28 U.S.C. § 1291; Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983).

[2] In his original complaint, Butler did not allege that he suffered a stroke as the result of the delay in medical treatment. He makes this claim for the first time in his amended complaint, filed after the district court dismissed his original complaint, and in his appellate brief.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Deliberate indifference contains both an objective and subjective component. Id. A plaintiff first must demonstrate an "objectively serious medical need." Id.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal citations and quotations omitted).  Further, the medical need must be one that poses a substantial risk of serious harm if left unattended.  Id.  Once a serious medical need is shown, a plaintiff must establish that "the prison official acted with deliberate indifference to that need." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (internal citations and quotations omitted).  Deliberate indifference requires "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245 (internal citations and quotations omitted).

A "simple difference in medical opinion" does not constitute deliberate indifference.  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).  "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for

4

medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).  In addition, "the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" Chandler v. Crosby, 379 F.3d 1278, 1290 (11th Cir. 2004).

We have stated that "a suit against a public official in his official capacity is considered a suit against the local governmental entity he represents." Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1210 n.3 (11th Cir. 1993).  As such, the plaintiff must show that a policy or custom of the governmental entity played a part in the alleged constitutional violation.  Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991).  There is no respondeat superior liability under § 1983. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).

In the instant case, Butler has failed to state a claim against the defendants in their individual capacities because the defendants responded reasonably to Butler's symptoms, and the alleged failure to prevent his alleged stroke is insufficient, in and of itself, to establish deliberate indifference.  Butler also failed to state a claim against the defendants in their official capacities as he failed to allege his delay in treatment was part of a government policy or custom.

Butler also argues that the district court erred denying his motion to amend

5

his complaint. We review "the denial of a motion to amend a complaint for an abuse of discretion." Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). Generally, a party should be given at least one opportunity to amend before the district court dismisses the complaint with prejudice. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id.

Butler's amended complaint only identified previously unnamed defendants and did not address the merits of his claims; thus, the proposed amendments were futile. Moreover, the motion for leave to file an amended complaint was filed more than three months after the district court conducted its frivolity review. Accordingly, the district court did not abuse its discretion denying Butler's motion to amend his complaint.

For the foregoing reasons, we AFFIRM the district court.

6