**Philip HALL, Plaintiff,**

v.

**MLG, P.A., Defendant.**

**Case No. 13–80896–CIV.**

United States District Court, S.D. Florida.

Nov. 1, 2013.

Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiff.

Bart Thomas Heffernan, Fort Lauderdale, FL, for Defendant.

### ORDER DENYING MOTION TO DISMISS

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Defendant's motion to dismiss, filed September 24, 2013 [**DE 5**]. Plaintiff responded on October 11, 2013 [**DE 7**]. No reply was filed. This motion is ripe for adjudication.

### I. *BACKGROUND*

Plaintiff brings this action for actual and statutory damages for Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant is a Fort Lauderdale law firm that regularly uses the mail and the telephone for the business of collecting consumer debts.

Bank of America hired Defendant to collect on a promissory note secured by Plaintiff's primary residence. On or about September 7, 2012, Defendant caused to be served upon Plaintiffs a summons and complaint seeking to collect the aforesaid debt. In the process of collecting on said debt, Defendant sent Plaintiff a notice titled Notice Required By the Fair Debt Collection Practices Act ("Notice"), that allegedly contained false, deceptive, and misleading representations. Specifically, Plaintiff alleges that the Notice misstates the applicable legal standard with regard to the presumption of validity as pronounced by § 1692g(a)(3) of the FDCPA by adding a 'writing requirement,' and by stating that the amount of the debt was provided when such was not provided.

Defendant moves to dismiss for failure to state a claim, countering that it was not engaged in a debt collection activity and therefore was not subject to the FDCPA. Even if it was, the notice does not constitute a "communication" under the statute. Defendant also claims that Florida litigation immunity bars this action and that this action is a compulsory counterclaim to the state foreclosure suit.

## II. *LEGAL STANDARD*

On a motion to dismiss, while the Court takes the plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003) (citing *South Florida Water Mgm't Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996)). Plaintiff's obligation to provide the grounds for his entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir.2008) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and finding allegations insufficient to meet *Twombly* standard). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 679, 129 S.Ct. 1937. A determination of whether a complaint states a plausible claim for relief requires the reviewing court "to draw on its judicial experience and common sense." *Id.* When a plaintiff fails to plead factual content permitting the court to infer more than the mere possibility of misconduct, it has not "shown" entitlement to relief. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

## III. *DISCUSSION*

### A. Defendant was collecting on a debt.

Defendant asserts that it was merely enforcing a security instrument, not collecting on a debt, and therefore was not subject to the FDCPA. Plaintiff concedes that enforcement of a security instrument is not subject to the FDCPA, but notes that, in addition to enforcing the security instrument, Defendant was collecting on the debt memorialized in the promissory note. The Eleventh Circuit has ruled that the FDCPA covers communications for the purpose of collecting debts underlying security instruments, as "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A

debt is still a 'debt' even if it is secured." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir.2012) (internal citations omitted). Defendant may not avoid FDCPA liability by claiming it was solely enforcing a security instrument.

## B. The Notice constituted communication under the FDCPA.

Defendant claims that the Notice attached to the complaint does not constitute "communication" under the FDCPA. The Court rejects this argument out of hand, as the Supreme Court ruled in *Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Reese*, 678 F.3d at 1217–18 (holding that letter regarding foreclosure constituted "debt collection" under the FDCPA). Defendant relies on *Vega v. McKay*, 351 F.3d 1334, 1335 (11th Cir. 2003) (per curiam) and *Acosta v. Campbell*, 309 Fed.Appx. 315 (11th Cir.2009), but the discussion in *Acosta* was limited to communications between counselors for purposes of 15 U.S.C. § 1692c(b). At issue in *Vega* was whether an attorney's filing of a complaint package constituted an initial communication for purposes of 15 U.S.C. § 1692g(a).[1] The instant case is brought for a violation of § 1692e, however. The Notice constituted a "communication" under the FDCPA.

## C. Florida litigation immunity does not apply.

■ Defendant argues that the Florida litigation privilege bars this action. The Court rejects this argument out of hand as well. No state law claims are at issue in this action. State immunity privileges are therefore inapplicable here. *See Battle v. Gladstone Law Grp., P.A.*, 951 F.Supp.2d 1310 (S.D.Fla.2013) ("Plaintiff's Complaint is based on a violation of the FDCPA (a federal statute) and Plaintiff does not allege a violation of any state statute. As a result, this Court finds that Defendants' litigation activity is not entitled to immunity.") (internal citations omitted).

## D. FDCPA Claim No Compulsory Counterclaim

Finally, Defendant asserts that this action is a compulsory counterclaim to the foreclosure action. The Eleventh Circuit has adopted the logical relationship test to determine whether a cause of action is a permissive or compulsory counterclaim. *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir.1985). A logical relationship exists when "the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir.1979).[2]

■ Here, the foreclosure case was premised on Plaintiff's alleged failure to pay on the promissory note. This instant case is premised on the actions of a debt collector that occurred nearly five years after the alleged nonpayment. The debt collector was not a party to the foreclosure action. No logical relationship between

---

1. In any event, *Vega* is obsolete in light of 2006 amendments to the FDCPA. Only "a formal pleading in a civil action" is exempt under § 1692g(a). 15 U.S.C. § 1692g(d).

2. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

the two cases exists such that the above styled case should be considered a compulsory counterclaim to the foreclosure action.

## IV. *CONCLUSION*

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the motion to dismiss filed September 24, 2013 [DE 5], is DENIED.