### Eric WEISS, Plaintiff,

v.

### Stephen WEISS, Defendant.

### No. 91CIV.5115(KMW)(MHD).

United States District Court, S.D. New York.

May 8, 1997.

F.Supp. 688, 691 (N.D.N.Y.1991); *State ex rel. Matthews v. National Sur. Corp.,* 17 N.J.Super. 137, 141, 85 A.2d 534, 536 (Ct.App.Div.1952).

Paul Sarno, New York City.

Stephen N. Dermer, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ.

## MEMORANDUM & ORDER

DOLINGER, United States Magistrate Judge.

On July 7, 1994, plaintiff Eric Weiss moved by order to show cause for a temporary restraining order ("TRO") and preliminary injunction prohibiting defendant Stephen Weiss, his father, "from transferring, selling or disposing of" his assets. He sought this relief on the asserted basis that his father was in the process of purchasing a home in Florida and was believed to be preparing to move to that state and to take all of his assets there in order to impede the collection of any future judgment. Plaintiff sought the TRO *ex parte* on the representation that he feared that his father, if alerted to the application, would quickly dispose of all assets not yet removed to Florida.

Judge Wood, to whom this case was then assigned, granted the TRO, but required the posting of a $100,000.00 bond within one day. She also scheduled a hearing on the injunction application for July 14, 1994. During the interim, plaintiff failed to post the bond but apparently used the TRO to freeze some of defendant's assets for a few days.

Defendant opposed the motion, and asked in very general terms that sanctions be imposed on plaintiff or his counsel for making the motion. On the return date Judge Wood vacated the TRO and denied the application for a preliminary injunction or, alternatively viewed, for a writ of attachment. In doing so, she found that plaintiff had not demonstrated a likelihood of success on the merits or any impending irreparable harm, a conclusion buttressed by the absence of any evidence that defendant was seeking to secrete his assets. She further stated that she would grant defendant permission to move for sanctions, including reimbursement for the costs of defending against the motion (Tr. at 4, 7), and observed that "I believe that sanctions are quite appropriate here, based on what I know now." (Tr. at 7). Finally, she noted "the complete impropriety of freezing assets without posting a bond." (*Id.*).

In response to the court's invitation, defendant filed a certification by his attorney on July 25, 1994 requesting an award of $6,120.00 in fees and $57.50 in disbursements. Neither the certification nor an accompanying letter brief, however, offered any legal analysis of the basis for such an award. Plaintiff opposed the award, and Judge Wood never acted on the matter.

In September 1994 the parties consented to proceed before me pursuant to 28 U.S.C. § 636(c). In the wake of a jury trial on liability and then a shorter bench trial on damages, defendant has pressed for an award on his pending application for sanctions. I address that matter now.

The parties first dispute whether Judge Wood definitively ruled that defendant was entitled to a sanction award of some kind. If so, defendant would argue, that ruling is law of the case, and the only remaining step is to determine the amount of any monetary assessment.

■ On review of the pertinent transcript, I conclude that Judge Wood did not make such a ruling. In the brief colloquy addressed to the plaintiff's motion, the judge noted that she found the plaintiff's application to be meritless, and stated that she was "going to permit defendant to move for sanctions." In doing so, she indicated that she believed sanctions were appropriate "based on what I now know." (Tr. at 7).

■ These remarks plainly evidence the court's inclination to award sanctions of some sort, but equally reflect that the judge was carefully avoiding making a ruling on that matter until the issue had been briefed. Moreover, the absence of any indication by the court of the legal basis for the sanctions underscores the tentative nature of the remarks, since the court is required to specify the basis for any such award. *See, e.g., Satcorp. Int'l Group v. China Nat'l Silk Import & Export Corp.,* 101 F.3d 3, 5 (2d Cir. 1996) (citing *United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1346 (2d Cir.1991)).

We therefore turn to the merits of defendant's application. The initial difficulty is that defendant does not identify any specific

basis on which he may be entitled to an expense award. Accordingly, we briefly survey the possible alternatives.

The most likely candidate is Fed.R.Civ.P. 11, which, in pertinent part, provides that by filing a motion, the attorney:

is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed.R.Civ.P. 11(b). Although not articulated by defendant, we assume that he would argue that plaintiff's motion was lacking in evidentiary support or that it was made solely to harass him.

■ The most obvious problem is that defendant's motion for sanctions fails to comply with the procedural requirements of Rule 11. First, it fails to "describe the specific conduct alleged to violate subsection b." Fed. R.Civ.P. 11(c)(1)(A). Indeed, it contains nothing more than a statement of the amount of expenses that defendant purportedly incurred in opposing plaintiff's injunction request. Moreover, defendant's previously-filed papers in opposition to the order to show cause are equally unspecific in that they fail to address the Rule 11 standards or any other source of authority to impose monetary sanctions. Second, defendant's motion for sanctions was served and filed in violation of the so–called "safe harbor" provision of the Rule, which directs that after a sanctions motion has been served, it is not to be filed for at least 21 days in order to give the other party the opportunity to withdraw the challenged document. Plaintiff was never given that opportunity to withdraw his challenged application. *Id.*[1].

Apart from these failings, we conclude that defendant has failed to demonstrate that plaintiff's motion violated the substantive requirements of Rule 11. As noted, defendant does not even address the Rule 11 standards.

■ Moreover, even if we assume *arguendo* that plaintiff's filing transgressed the substantive standards of Rule 11, we are not persuaded that monetary sanctions are appropriate. In this regard, we note that Rule 11 permits a monetary award to the movant only if the court determines that it is "warranted for effective deterrence." Fed R. Civ. P. 11(c)(2). In general terms the Advisory Committee Notes suggest as relevant considerations in assessing the appropriateness of monetary sanctions:

[w]hether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or

---

**1.** We note that these procedural requirements apply if the sanctions are to be awarded by motion. The rule separately authorizes the court to raise the issue of sanctions *sua sponte*, in which case the court must "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney . . . to show cause why it has not violated subdivision (b) with respect thereto." Fed.R.Civ.P. 11(c)(1)(B).

We do not view what Judge Wood did as falling within this category. First, defendant himself requested sanctions, albeit in conclusory terms, in his response to the order to show cause. Second, the judge entered no order describing the alleged misconduct with particulari-ty or directing plaintiff's counsel to show cause. Indeed, she did not even refer to Rule 11 or require plaintiff's attorney to do anything. Instead, she authorized defendant to move for sanctions, a procedure that requires compliance with the requirements of Rule 11(c)(1)(A). Moreover, if she had acted pursuant to Rule 11(c)(1)(B), she would have been precluded from ordering the very relief to which she adverted— that is, compensation to the defendant for his expenses on the motion. *See* Fed.R.Civ.P. 11(c)(2) (order directing payment to the movant for expenses incurred as a direct result of the Rule violation may be entered "if imposed on motion").

only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible party is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*Id.* The Notes also make clear that the touchstone for determining sanctions is deterrence, and that "sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Id.*

In his sanctions motion, as noted, defendant seeks compensation for his expenses in opposing the injunction application. The Notes to the rule suggest that such an award should be limited to "unusual circumstances." The example cited by the Notes is a violation of Rule 11(b)(1), which refers to litigation for an "improper purpose." We see no basis for inferring such a purpose here on the part of plaintiff's counsel.[2] Moreover, even if we viewed the motion itself as so deficient in factual basis as to transgress the standards of Rule 11(a), we would view it as an isolated incident in a bitterly contested litigation, and not as suggesting the need for a monetary award in order to deter either plaintiff's attorney or others similarly situated from a repetition of such conduct.

■ Before leaving the question of whether Rule 11 is applicable, we note that defendant also complains of the attempt by plaintiff or his attorney to use the TRO before satisfying the bond requirement. Specifically, in the intervening period plaintiff's counsel sent copies of the TRO to two brokerage houses at which defendant maintained accounts. This action was, as Judge Wood

noted, entirely inappropriate, but it does not appear to come within the scope of Rule 11, since it does not involve the substance of any pleading or motion or the advocacy of any position in court. In any event, we do not view monetary sanctions as necessary for deterrence in this instance. The citation of an attorney for improper behavior is itself a form of sanction, *see, e.g.,* Fed.R.Civ.P. 11(c), Advisory Committee Notes (referring to use of "admonition" as sanction), and we view both Judge Wood's conclusion and our own in this respect as sufficient for purposes of deterrence.[3]

■ If Rule 11 cannot justify the sanctions sought, it is possible that 28 U.S.C. § 1927 may serve that function. That provision states:

Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As indicated by its terms, this provision addresses only the conduct of counsel, *see, e.g., Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 96–97 (2d Cir.1997); *International Bhd. of Teamsters,* 948 F.2d at 1345–46, and turns on the court's assessment of the attorney's subjective intent. Relief is appropriate only if the court concludes that counsel acted in bad faith or for a malicious purpose. *See, e.g., Lapidus,* 112 F.3d at 96–97; *International Bhd. of Teamsters,* 948 F.2d at 1345–46. We do not believe that plaintiff's attorney can be found to have been so motivated in this instance. Based on our assessment of his performance throughout the entirety of this extended litigation, we view him as an aggressive litigator on behalf of his client but not as someone disposed to use the powers of the court for improper purposes. Accordingly, we decline to award section 1927 sanctions in this instance.

---

**2.** We make no judgment with respect to plaintiff's own motivation. Rule 11 targets the signer of the motion, and although he cannot simply carry out his client's malign wishes, in this case we see no basis for inferring that counsel failed to exercise his own independent judgment as to the appropriateness of the motion.

**3.** We leave aside whether this use of the TRO might give rise to a claim under state law by defendant for abuse of process or some other tort.

We have further considered the possibility of imposing sanctions on the basis of the court's inherent power to police the behavior of officers of the court and of litigants. *See, e.g., Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.,* 55 F.3d 34, 37 (2d Cir.1995); *International Bhd. of Teamsters,* 948 F.2d at 1345. We believe that the exercise of such powers in this case is unwarranted, and accordingly we decline to proceed further than to reiterate that neither counsel nor litigants may make use of an injunctive order explicitly premised on the posting of a bond until that bond is posted. If plaintiff's counsel ever engages in a repetition of such conduct in any court, this decision and admonition will be publicly available to the court to use in assessing whether imposition of sanctions on counsel in such an instance would be warranted.

## CONCLUSION

For the reasons stated, we deny defendant's application for the imposition of monetary sanctions on plaintiff or his attorney for the filing of the 1994 order to show cause.