[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12085

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00039-MP-WCS,
BKCY No. 08-40298-LMK

IN RE:

QUEEN MILLER,

Debtor.

_____

DAVID H. ABRAMS,

Movant-Appellant,

QUEEN MILLER,

Plaintiff,

versus

EDNY SAINT FELIX,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 10, 2011)

Before BLACK and HULL, Circuit Judges, and HOWARD,* District Judge.

PER CURIAM:

Appellant David H. Abrams appeals the district court's order affirming the bankruptcy court's award of sanctions against him pursuant to Federal Rule of Bankruptcy Procedure 9011 (Bankruptcy Rule 9011). Abrams contends that the bankruptcy court abused its discretion when it granted Appellee Edny Saint Felix's motion for sanctions because the motion failed to comply with the notice requirements set forth in the safe harbor provision of Bankruptcy Rule 9011(c)(1)(A). After review and oral argument, we agree, and therefore reverse the decisions of the courts below.[1]

I.

On May 7, 2008, Queen Miller (the Debtor) filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Florida. The trustee for the Debtor's estate, represented by Abrams, filed an adversary complaint against Saint Felix on July 22, 2008, seeking to recover certain real property

---

* Honorable Marcia Morales Howard, United States District Judge for the Middle District of Florida, sitting by designation.

[1] We review a bankruptcy court's decision to impose sanctions for an abuse of discretion. See Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1571-72 (11th Cir. 1995). Under an abuse of discretion standard, we "must affirm unless we find that the [lower] court has made a clear error of judgment, or has applied the wrong legal standard." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2007) (internal quotation omitted). "A decision that is contrary to the law plainly is an abuse of discretion." Id.

2

previously conveyed by the Debtor to Saint Felix. On April 17, 2009, Saint Felix

served a motion for sanctions on Abrams asserting that sanctions were warranted,

pursuant to Bankruptcy Rule 9011, for the filing of a frivolous complaint. In its

entirety, the sanctions motion read as follows:

> 1. The factual and legal assertions set forth in the Plaintiff's
> complaint do not give rise to even a colorable claim for relief against
> the Defendant, are not warranted by existing law, and are not
> supported by the facts of the case.
>
> 2. By pursuing their meritless claims against the Defendant, the
> Plaintiff and her counsel have unduly vexed, taxed, and brought costs
> upon the Defendant.
>
> 3. The Debtor, the Plaintiff, and/or their counsel should be ordered
> to pay to the Defendant sufficient sums to compensate him for his
> costs and expenses in this matter, including but not limited to
> attorneys fees as set forth in Federal Rule of Bankruptcy Procedure
> 9011.

On that same day, Saint Felix filed a motion to dismiss, as well as a memorandum

of law and an affidavit in support of his motion. Saint Felix later withdrew the

motion to dismiss, and on May 6, 2009, filed a motion for summary judgment

instead. In accordance with Bankruptcy Rule 9011's requirement that a motion for

sanctions not be filed until twenty-one days after it has been served on the

opposing party, Saint Felix filed the motion for sanctions with the bankruptcy court

on May 22, 2009. The bankruptcy court held a hearing on the motion for sanctions

on November 24, 2009, and on December 30, 2009, entered an order granting the

motion and imposing a sanction of $5,000 in attorney's fees against Abrams.

Abrams appealed the sanctions award to the district court, and the district court affirmed the bankruptcy court's order.[2]  On appeal to this Court, Abrams argues, as he did before the district court, that Saint Felix failed to comply with Bankruptcy Rule 9011 because the motion for sanctions Saint Felix served did not state with specificity the conduct allegedly warranting sanctions nor did it cite any existing law demonstrating that the claims were frivolous.

## II.

Bankruptcy Rule 9011(c)(1)(A) provides that:

> [a] motion for sanctions under this rule <u>shall be made separately from other motions or requests</u> and <u>shall describe the specific conduct alleged to violate</u> [Bankruptcy Rule 9011(b)]. . . . The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . .

Fed.R.Bankr.P. 9011(c)(1)(A) (emphasis added).[3]  The rule requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court.  "This process provides a 'safe harbor' in

---

[2] We note that although the bankruptcy court imposed a sanction of $5,000, the district court affirmed the sanction as $5,500.  The parties do not address, and we are unable to discern from the record, the reason for this discrepancy.

[3] Bankruptcy Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11 (Rule 11).

4

which the offending party can avoid sanctions by withdrawing or correcting the challenged document or position after receiving notice of the alleged violation." Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir. 2008) (per curiam); see also Peer v. Lewis, 606 F.3d 1306, 1315 (11th Cir. 2010) ("The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." (citing Fed.R.Civ.P. 11, advisory committee note of 1993)). "In that way, the 'safe harbor' provision works in conjunction with the duty of candor, giving the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion." See Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997). In the instant action, it is undisputed that Saint Felix complied with the advance service requirement of Bankruptcy Rule 9011(c)(1)(A) in that he served the motion for sanctions on Abrams twenty-one days prior to filing it with the bankruptcy court.

In addition to the service requirement of the "safe harbor" provision, however, the rule also requires that the motion "describe the specific conduct alleged to violate" the rule. Fed.R.Bankr.P. 9011(c)(1)(A). "Since this requirement serves a valuable notice function, a failure to do so may result in the [lower] court rejecting the motion." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.1 (3d ed. 2004); see also Nagel v. ADM

5

Investor Servs., Inc., 65 F. Supp. 2d 740, 756 (N.D. Ill. 1999) (holding that

"[b]ecause the motion must identify the 'specific conduct' that violates Rule 11,

[the defendant] has not preserved any demand for sanctions based on other

allegations of the complaint," beyond the one specifically mentioned in the motion

for sanctions); Bergquist v. Caskie-Johnson (In re Caskie-Johnson), No. 06-cv-

01431-EWN, 2007 WL 496675, at *3 (D. Colo. Feb. 13, 2007).  This notice

requirement "permits the subjects of sanctions motions to confront their accuser

and rebut the charges leveled against them" and to "withdraw the potentially

offending statements before the sanctions motion is officially filed."  See Storey v.

Cello Holdings, LLC, 347 F.3d 370, 389 (2d Cir. 2003).  Saint Felix conceded at

oral argument that the motion for sanctions itself was insufficient to satisfy

Bankruptcy Rule 9011.  Nevertheless, Saint Felix maintains that the

simultaneously filed motion to dismiss provided Abrams with adequate notice of

the basis for the sanctions motion.

 Upon review, we find that Saint Felix's deficient motion for sanctions

cannot be cured by looking to his motion to dismiss.[4]  Permitting a party to rely on

some other motion to satisfy the notice requirements of Bankruptcy Rule

---

[4] Notably, Saint Felix withdrew the motion to dismiss prior to the filing of the motion for sanctions.  To the extent Saint Felix contends that his later filed motion for summary judgment provided adequate notice, this argument fails because the motion for summary judgment was not filed twenty-one days prior to the motion for sanctions.  See Macort v. Prem, Inc., 208 F. App'x 781, 786 (11th Cir. 2006) (per curiam) (finding that the "failure to give [plaintiff] the twenty-one day safe harbor period forecloses Rule 11 sanctions for the initial filing of a frivolous suit").

9011(c)(1)(A) would circumvent the plain language of the rule. See

Fed.R.Bankr.P. 9011(c)(1)(A) ("A motion for sanctions under this rule shall be

made separately from other motions or requests . . . ."). Moreover, motions to

dismiss and motions for sanctions serve different purposes and are governed by

different standards. Compare Acosta v. Campbell, 309 F. App'x 315, 317 (11th

Cir. 2009) (per curiam) (unpublished decision) ("A Rule 12(b)(6) motion to

dismiss tests the sufficiency of the complaint against the legal standard set forth in

Rule 8: 'a short and plain statement of the claim showing that the pleader is

entitled to relief.'"), and Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288-

90 (11th Cir. 2010) (discussing the applicable standard for evaluating the

sufficiency of a complaint on a motion to dismiss), with Kaplan v.

DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) ("The purpose of

Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter

costly meritless maneuvers." (internal quotation omitted)). Indeed, a court may

assess Bankruptcy Rule 9011 sanctions only "when (1) the papers are frivolous,

legally unreasonable or without factual foundation, or (2) the pleading is filed in

bad faith or for an improper purpose." See In re Mroz, 65 F.3d at 1572; see also

Kaplan, 331 F.3d at 1255 (discussing the circumstances warranting Rule 11

sanctions). Thus, many arguments which might support a motion to dismiss would

fail to provide a sufficient basis for a motion for sanctions. As such, the mere

filing of a motion to dismiss in conjunction with the service of a motion for sanctions does not provide a party with <u>specific</u> notice as to which of its factual or legal claims allegedly violate the Bankruptcy Rule 9011 standards.[5]  <u>See generally</u> <u>AI Consulting LLC v. Cellco P'ship</u>, No. 304CV1841, 2006 WL 860947 (D. Conn. Mar. 31, 2006); <u>see also</u> <u>Weiss v. Weiss</u>, 984 F. Supp. 682, 685 (S.D.N.Y. 1997) ("[D]efendant's previously-filed papers . . . are equally unspecific in that they fail to address the Rule 11 standards . . . .").  Therefore, under the facts of this case, neither the bare-bones motion for sanctions, nor the simultaneously filed motion to dismiss, provided Abrams with notice of the specific conduct alleged to warrant the imposition of sanctions.  Because Abrams was entitled to notice under the rule, we find that the bankruptcy court's decision to award sanctions in this case was based on an erroneous view of Bankruptcy Rule 9011 and thus, amounted to an abuse of discretion.[6]

**REVERSED.**

---

[5] We emphasize the fact that Saint Felix's Motion for Sanctions did not reference the Motion to Dismiss at all.  Thus, this is not a case where a party has specifically incorporated certain of its arguments for dismissal into a motion for sanctions and explained why those arguments also support the imposition of sanctions.

[6] On July 9, 2010, Saint Felix filed a Motion for Damages and Costs pursuant to Federal Rule of Appellate Procedure 38.  Appellate Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee."  Fed.R.App.P. 38.  Because Saint Felix did not prevail on appeal, his Motion for Damages and Costs is DENIED.