[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10553
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02023-VMC-JSS

ROY W. BRUCE,
ALICE BRUCE,

                                                    Plaintiffs-Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
as Trustee Successor in Interest to Bank of America,
National Association as Trustee, Successor by Merger to
Lasalle Bank National Association, as Trustee for Structured
Asset Securities Corporation Mortgage Pass Through,
ALBERTELLI LAW,
U.S. BANK N.A.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 2, 2019)

Before MARTIN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

*Pro se* litigants Roy and Alice Bruce filed suit against U.S. Bank, N.A. as Trustee, Successor in Interest, to Bank of America, N.A., as Trustee, Successor by Merger, to LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through ("U.S. Bank"), and Albertelli Law (collectively, "Defendants"). The Bruces alleged violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, as well as a state law claim for damages under the Florida Consumer Collections Practices Act ("FCCPA").

Defendants filed a motion to dismiss the Bruces' complaint, which the district court granted. In granting the motion, the district court dismissed the Bruces' FDCPA claim with prejudice because the district court found that all of the allegations contained in the Bruces' complaint were time barred. The court also dismissed the Bruces' state law claim without prejudice, declining to exercise supplemental jurisdiction.

The Bruces timely appealed the district court's order, arguing that the district court erred by failing to construe liberally their *pro se* complaint when it dismissed their FDCPA claims with prejudice without first granting them leave to amend. The district court was correct that the Bruces' claims, as pleaded in the complaint, were

2

outside the statute of limitations and that allowing the Bruces to amend their complaint would have been futile. Accordingly, we affirm.

## I.    BACKGROUND

### A. Factual Background

The Bruces own property in Ruskin, Florida. Chad Hill, a non-party to this suit, is a previous owner of the property. He executed a mortgage and note, which are the subject of a separate state court foreclosure action that was instituted in 2014 by U.S. Bank.[1]

On March 25, 2015, Hill sent written notice purporting to rescind unilaterally his 2004 note and mortgage on the property. Roy Bruce and Hill then filed a complaint in small claims court against U.S. Bank on September 21, 2015 alleging violations of the FDCPA and FCCPA based on Hill's alleged rescission of the loan. After U.S. Bank did not appear in court, Roy Bruce and Hill obtained a default judgment against U.S. Bank in October 2015. The amount of the judgment was $5,310, which U.S. Bank fully paid in June 2016.

U.S. Bank nonetheless continued to pursue its state court mortgage foreclosure action against the property and continued their related collection activity,

---

[1] The Appellee is a trust. Its trustee, U.S. Bank, National Association, is owned by U.S. Bancorp. As indicated in the case caption, U.S. Bank is the trustee successor in interest to Bank of America National Association and the successor by merger to Lasalle Bank National Association.

arguing that the debt remains valid and subject to collection. The Bruces argue that communications they received from U.S. Bank after the October 2015 default judgment were improper attempted collection efforts.

### B. Procedural History

The Bruces[2] filed this lawsuit against U.S. Bank and Albertelli Law[3] on August 24, 2017. Their verified complaint contains three counts and seeks (1) injunctive relief from Defendants, (2) money damages under the FDCPA, and (3) money damages under the FCCPA. The Bruces argue that the default judgment they obtained in small claims court is a complete bar against all efforts by U.S. Bank to foreclose the note and mortgage obtained from Hill, and so U.S. Bank's attempts "to collect from Plaintiffs on the rescinded transaction subject to the state court October 29th 2015 judgment" violate the FDCPA and FCCPA. The Bruces attached several documents to their complaint, including three letters from U.S. Bank to Alice Bruce regarding the mortgage loan for the property in Ruskin, Florida: (1) a January 7, 2015 letter, in response to her earlier communication, indicating that it did not own a mortgage loan for her property in Ruskin, Florida; (2) an April 28, 2015 letter from U.S. Bank indicating that it was not the owner of her mortgage, it was the trustee for the Trust that owned the property, it had no involvement in the foreclosure

---

[2] Chad Hill is not a party to this lawsuit.
[3] U.S. Bank is represented by Albertelli Law.

proceedings, it did not acknowledge Alice's assertion that her correspondence with it settled the debt she owed, and directing her to contact Chase as the servicer of the property; and (3) a May 27, 2015 letter from Chase, in response to her letter forwarded from U.S. Bank, indicating that it did not have a record of a mortgage loan for her property in Ruskin, but did have a mortgage loan for her property in Lakeland, Florida, which had a payment due on May 1, 2015.[4]

Defendants promptly moved to dismiss the Bruces' complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Notably, Defendants argued that the Bruces were not entitled to relief under the FDCPA because their complaint was untimely, as the letters they attached to their complaint were all from 2015; the FDCPA statute of limitations is one year, and the Bruces filed their complaint two years after the most recent letter.

The district court granted Defendants' motion to dismiss. It determined that, after a "cursory review" of the Bruces' complaint, the FDCPA claim was time-barred under the one-year statute of limitations. Thus, the Bruces' conclusory statements that the communications giving rise to their FDCPA claims occurred

---

[4] The Bruces allege in paragraph 13 of their Complaint that violations took place on 12/2/2015, 7/7/2016, 8/31/2016, 10/4/2016, 1/20/2017, 2/14/2017, and 4/6/2017; however, they do not provide any detail regarding those communications and have not attached copies to the Complaint.

within the statute of limitations, without any further information, did not support a conclusion that their claim was timely.

Alternatively, the court determined that the Bruces' complaint did not show that the Bruces were consumers suffering at the hands of debt collectors under the FDCPA, as they did not allege that U.S. Bank and Albertelli Law were trying to collect a debt from them. The court noted that Defendants' foreclosure attempts on the property did not support a FDCPA claim: a foreclosure complaint is not a prohibited communication under the FDCPA, and non-party Hill appeared to be the obligor under the note. Even under a liberal construction of the complaint, the court determined that the Bruces' complaint and exhibits did not support their FDCPA claim. Furthermore, after finding the FDCPA claim to be the only basis for federal jurisdiction in the complaint, the district court declined to exercise supplemental jurisdiction over the Bruces' remaining state law claim. Accordingly, the district court dismissed with prejudice the FDCPA claim as time-barred and dismissed the state law claim without prejudice.

The Bruces then moved for reconsideration, requesting oral argument and leave to file an Amended Complaint. The Bruces argued that the district court erred when it dismissed their *pro se* complaint without liberally construing the allegations contained within and that the court abused its discretion by dismissing their complaint with prejudice without first granting them leave to amend.

6

The district court denied the Bruces' motion for reconsideration. It concluded that the Bruces had failed to identify any change in the controlling law or any new evidence that would warrant a different result.  The court also stated that it did not hold the Bruces to the same standards as counseled plaintiffs but was nevertheless required to dismiss the complaint because the Bruces, regardless of their *pro se* status, alleged FDCPA claims that were time-barred. The court emphasized that the motion was denied because granting the Bruces leave to amend would have been futile, as the Bruces had failed to identify how amending the complaint could have cured the timeliness and legal deficiencies of their complaint.

The Bruces timely appealed.

## II.    STANDARD OF REVIEW

We review a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

We review the district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997). We also review a district court's denial of leave to amend for abuse of discretion.  *See Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

In order to reverse a district court order that is based on multiple, independent grounds, a party must convince us "that *every* stated ground for the judgment against

7

him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (emphasis added).

## III.    DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation marks omitted).

For purposes of Rule 12(b)(6), "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

We acknowledge that *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557 (2017).

However, a liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

Notably, a *pro se* litigant who does not address an issue in his brief abandons the issue on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Issues must be raised plainly and prominently on appeal. *See Sapuppo*, 739 F.3d at 680–81. Issues raised only in passing, without supporting argument or citation, are deemed abandoned. *See id.* at 681–82.

### A. FDCPA Claim

On appeal, the Bruces made no mention of the district court's determination that their FDCPA claim was time-barred and therefore abandoned any challenge to it. Unfortunately for them, their *pro se* litigant status does not absolve them from the requirement to challenge each ground presented in the district court's dismissal. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. This rule applies to all litigants, *pro se* or otherwise.[5] It

---

[5] The Bruces' chief argument below is that the district court failed to construe liberally their *pro se* complaint and instead held their complaint to the same standards as one drafted by counsel. The district court, however, noted in its order denying the Bruces' motion for reconsideration

9

follows that we must affirm the district court's unchallenged determination that the Bruces' FDCPA claim is time-barred because the Bruces abandoned their challenge of this issue.

Even if we were to examine the merits of their claims, however, the Bruces cannot prevail because they have failed to allege a FDCPA claim that falls within the one-year statute of limitation.

"Not surprisingly, our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted). Indeed, this case presents one of those rare times where it is, in fact, "apparent from the face of the complaint" that the Bruces' claims are time-barred. The FDCPA states: "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k(d). Here, the Bruces filed an action in the district court in August 2017. However, all the allegations contained in their complaint, as well as the "documents central to the plaintiff's claim," relate to actions taken by Defendants in

that it construed the Bruces' filings liberally but was unable to find anything that would support a timely FDCPA claim.

10

2015.[6] The allegations and documentation present in the record cannot support a claim inside the one-year statute of limitations. Thus, the Bruces' claim fails on the merits because, *even construing the pleadings liberally*, it was "apparent from the face of the complaint" that the Bruces' FDCPA claim did not fall within the one-year statute of limitations. *La Grasta*, 358 F.3d at 845. Indeed, the district court's alternative basis for dismissal—the question of whether the Bruces' interactions with Defendants were consumer transactions between consumers and debt collectors—is irrelevant because the complaint so clearly fails to state a claim within the FDCPA's one-year statute of limitations.

Because the district court correctly dismissed the Bruces' FDCPA claim as time-barred and because the Bruces failed to challenge the district court's timeliness finding, we affirm.

## B. State Law Claim

The district courts have original jurisdiction over civil actions arising under the Constitution or laws of the United States and supplemental jurisdiction over "all other claims that are so related to claims in the action within such original

---

[6] We acknowledge that the Bruces identify certain nonspecific 2016 and 2017 communications in their complaint. As best this Court can tell, based on the Bruces' interrogatory answers, the communications are all legal pleadings entirely related to Defendants' 2014 foreclosure action. This Court has explicitly held that "the term 'communication' as used [in the FDCPA] does not include a 'legal action or pleading'" or the related orders. *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003). Thus, the 2016 and 2017 communications identified by the Bruces cannot be used to sustain a FDCPA claim.

jurisdiction." 28 U.S.C. §§ 1331, 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *Id.* § 1367(c). Indeed, the Supreme Court has recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claim." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

After the district court dismissed with prejudice the FDCPA claim—the single federal claim alleged by the Bruces' complaint—the district court determined that it was "appropriate to decline to exercise supplemental jurisdiction over any state law claims that the Bruces' Complaint may attempt to array against Defendants." "While we can and will review such decisions, the discretion is appropriately vested in the district court, and should be exercised by the district court in the first instance." *Lucero*, 121 F.3d at 598. Because 28 U.S.C. § 1367(c)(3) explicitly grants the district court the power to "decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction," we cannot say that an abuse of discretion on the part of the district court. We affirm.

### C. Failure to Allow Plaintiffs to File Amended Complaint

We review a district court's denial of leave to amend for abuse of discretion. *Woldeab*, 885 F.3d at 1291. Generally, where a more carefully drafted complaint

might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend pursuant to Fed. R. Civ. P. 15(a) before the court dismisses with prejudice. However, the "district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

This case requires us to determine whether any proposed amendment by the Bruces would be futile. As we have established, all of the allegations in the complaint and the supporting documentation took place in 2015 and this suit was filed in August 2017.[7] The district court found that "[n]either in response to the motions to dismiss nor in the Motion for Reconsideration have the Bruces explained how amendment of the Complaint could save the time-barred and legally deficient FDCPA claim." The Bruces have presented no additional information in their briefs before this Court that contradict the district court's finding. We agree with the district court that amendment would be futile in this case.

Accordingly, the district court did not abuse its discretion in dismissing the Bruces' claims without granting leave to amend.

## IV.    CONCLUSION

---

[7] As noted above, all of the 2016 and 2017 communications identified by the Bruces are legal pleadings entirely related to Defendants' 2014 foreclosure action which cannot be used to sustain their claim. *Vega*, 351 F.3d at 1337.

In sum, the district court appropriately granted Defendants' motion to dismiss because the Bruces have abandoned on appeal any challenge to the district court's determination that their FDCPA claim was time-barred. Regardless of the Bruces' failure to challenge the district court's timeliness determination, we also agree with the district court that the Bruces' claim was indeed time-barred. Likewise, the district court properly dismissed their state law claim without prejudice after dismissing the only federal claim in the complaint. Lastly, we hold that the district court did not abuse its discretion in dismissing the FDCPA claims with prejudice without first granting leave to amend, as allowing the Bruces to amend their complaint would have been futile.

**AFFIRMED.**